UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JASON D. BUILODEAU
    Plaintiff

VERSUS                                                  CIVIL ACTION NO. _____

VICTOR GREENHOUSE, CALVIS R. HARMSON, JR.    JUDGE
MICHAEL SIMMONS, GLENN GAUTREAUX,
MARCUS BORDELON, MICHAEL BELL,              MAGISTRATE JUDGE
KEVIN HILL, RHONDA LEMOINE,
THE MARKSVILLE POLICE DEPARTMENT,         JURY TRIAL DEMANDED
THROUGH THE CITY OF MARKSVILLE,
AVOYELLES PARISH SHERIFF'S DEPARTMENT,
THROUGH THE PARISH OF AVOYELLES
    Defendants

*********************************************************************************

COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Jason D. Builodeau, a competent major and a domiciliary of the Parish of Avoyelles, State of Louisiana, (hereinafter "Plaintiff"), who avers as follows:

PRELIMINARY SETTLEMENT

1.

This civil complaint is brought pursuant to 42 U.S.C. Section 1983 as an action to redress the deprivation under color of a statute, ordinance, regulation, custom, or usage of a right, privilege, or immunity secured by plaintiff by the Fourth Amendment and Fourteenth

Amendment to the Constitution of the United States providing for equal rights of citizens or of all persons within the jurisdiction of the United States and arising under the laws and statutes of Louisiana.

## JURISDICTION AND VENUE

2.

This Court possesses jurisdiction over this civil action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 because Plaintiff asserts a claim under the Constitution, laws, or treaties of the United States, namely 42 U.S.C. §1983.

3.

Additionally, this Court possesses supplemental jurisdiction over Plaintiff's state-law-based claim for intentional infliction of emotional distress, assault and battery, and defamation pursuant to 28 U.S.C. §1367 because these claims arise from a common nucleus of operative facts.

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) & (2) and Louisiana Code of Civil Procedure articles 42 & 74.

## PARTIES

5.

Plaintiff, Jason D. Builodeau, is a competent person of the full age of majority and a domiciliary of the Parish of Avoyelles, State of Louisiana.

6.

Victor Greenhouse ("Greenhouse"), named as a defendant herein in both a personal and official capacity, is a competent person of the full age of majority and a domiciliary of the Parish of Avoyelles, State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

7.

Calvis R. Harmson, Jr. ("Harmson"), named as a defendant herein in both a personal and official capacity, is a competent person of the full age of majority and a domiciliary of the Parish of Avoyelles, State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

8.

Michael Simmons ("Simmons"), named as a defendant herein in both a personal and official capacity, is a competent person of the full age of majority and a domiciliary of the Parish of Avoyelles, State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

9.

Glenn Gautreaux ("Gautreaux"), named as a defendant herein in both a personal and official capacity, is a competent person of the full age of majority and a domiciliary of the Parish of Avoyelles, State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

10.

Marcus Bordelon ("Bordelon"), named as a defendant herein in both a personal and official capacity, is a competent person of the full age of majority and a domiciliary of the Parish of Avoyelles, State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

11.

Michael Bell ("Bell"), named as a defendant herein in both a personal and official capacity, is a competent person of the full age of majority and a domiciliary of the Parish of Avoyelles, State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

12.

Kevin Hill ("Hill"), named as a defendant herein in both a personal and official capacity, is a competent person of the full age of majority and a domiciliary of the Parish of Avoyelles, State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

13.

Rhonda Lemoine ("Lemoine"), named as a defendant herein in both a personal and official capacity, is a competent person of the full age of majority and a domiciliary of the Parish of Avoyelles, State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

14.

The Marksville Police Department, through the City of Marksville ("Marksville Police Department"), named as a defendant herein, is a political subdivision of the State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

15.

The Avoyelles Parish Sheriff's Department, through the Parish of Avoyelles ("Avoyelles Parish Sheriff's Department"), named as a defendant herein, is a political subdivision of the State of Louisiana, and is liable unto Plaintiff for the claims asserted herein.

16.

Defendants are truly and justly indebted unto Plaintiff for the full and true sum of compensatory damages and punitive damages as are reasonable in the premises, together with interest due from the date of judicial demand until paid and for all costs of these proceedings, including attorney's fees.

FACTUAL ALLEGATIONS

17.

On May 4, 2008, Plaintiff was a patron at the Wolf's Den bar located at 1015 Spring Bayou Road in Marksville, Louisiana 71351.

18.

On this date, Greenhouse, Bell, and Hill of the Marksville Police Department and Harmson, Simmons, Gautreaux, and Bordelon of the Avoyelles Parish Sheriff's Department (hereinafter sometimes collectively referred to as the "Defendant Officers") were dispatched to the Wolf's Den in order to investigate a "hit and run" offense within the parking lot of the Wolf's Den.

19.

During the course of the Defendant Officers' investigation, Plaintiff exited the Wolf's Den and stood outside approximately ten feet from the front door.  Plaintiff, accompanied by other patrons, then observed from afar the Defendant Officer's investigation of the incident within the parking lot of the Wolf's Den.

20.

Defendant Officers shouted at the observing patrons, including Plaintiff, to return inside the Wolf's Den.

21.

Heeding to the Defendant Officers' command, Plaintiff turned around and began to re-enter the premises of the Wolf's Den.

22.

Suddenly and without provocation, the Defendant Officers, led by Defendant Greenhouse, forcefully grabbed Plaintiff from behind, violently threw Plaintiff to the ground, handcuffed Plaintiff, and then proceeded to strike Plaintiff with billy clubs, punch him with their fists, and kick him with their boots.

23.

The Defendant Officers then falsely arrested Plaintiff for aggravated assault on a police officer as per LSA-R.S. §14:37, resisting arrest as per LSA-R.S. §14:108, and resisting an officer by interference as per LSA-R.S. §14:108.

24.

Plaintiff was then taken to jail where he remained overnight.

25.

As part of the Marksville Police Department's post-arrest procedure, Defendant Lemoine knowingly and maliciously completed a false *Post Arrest Affidavit of Probable Cause* on May 4, 2009 in which she swore, based upon her personal knowledge, that Plaintiff, *inter alia*, violated LSA-R.S. §14:37 by "assaulting Officer Greenhouse with a beer bottle", and violated LSA-R.S. §14:108

by "being violently combative attempting to use a beer bottle as a weapon against arresting officers." Judge William Bennett of the 12th Judicial District Court for the Parish of Avoyelles signed this *Post Arrest Affidavit of Probable Cause* for purposes of extending the unlawful detainment of Plaintiff.

26.

Additionally, on May 4, 2008, Defendant Greenhouse knowingly and maliciously completed a false *Supplemental Report* for the Marksville Police Department in which he lied that "[Plaintiff] turned his beer bottle that he was holding in his hand upside down and raise (sic) it in a manner as if he was going to strike me that when myself (sic) and the other officer took [Plaintiff] to the ground and place (sic) him in handcuff and read him his rights."

27.

Likewise, on May 4, 2008, Defendant Harmson of the Avoyelles Parish Sheriff's Department knowingly and maliciously completed a false *Supplemental Report* in which he misrepresented that he "observe[d] the [Plaintiff] change the causal, normal, and social drinking position of holding a beer bottle, by turning the beer bottle upside down, while holding it by the neck of the bottle. The suspect also stood in a defensive stance. While [Defendant Greenhouse] closely approached the [Plaintiff], the [Plaintiff] raised the beer bottle at attempt to strike [Defendant Greenhouse]. At this time, the above mentioned responding officers used reasonable and necessary force to subdue the [Plaintiff] and handcuff him."

28.

Unbeknownst to the Defendant Officers, the Wolf's Den had installed a video camera that surveilled the vicinity of the Wolf's Den's front door. This surveillance camera captured the

acts and omissions on May 4, 2008 that give rise to Plaintiff's instant claims. The surveillance video unequivocally depicts the Defendant Officers exercising excessive force by brutalizing Plaintiff without provocation.

29.

The surveillance video depicts that Plaintiff never raised any beer bottle, never attempted to strike any police officer with his hand or any object, and never engaged in any other conduct that could reasonably be construed as threatening the Defendant Officers or any fellow patrons at the Wolf's Den.

30.

As a result of this egregious use of excessive force and police brutality, Plaintiff sustained physical injuries to his head, neck, chest, back, arms, and legs, including but not limited to a concussion, lacerations, bruises, and abrasions. Additionally, since being beaten by the Defendant Officers, Plaintiff has experienced acute sleeplessness, severe anxiety, and debilitating anguish for which he has sought (and continues to seek) medical treatment.

### CLAIMS BASED UPON VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS AS PER 42 U.S.C. §1983

31.

Plaintiff hereby reavers and incorporates by reference each allegation (factual or otherwise) set forth in the paragraphs 17 through 30 as if copied herein *in extenso*.

32.

At all times material hereto, Greenhouse, Bell, and Hill were acting under the color of state law in their official capacity as law enforcement officers employed by the Marksville Police Department.

33.

At all times material hereto, Harmson, Simmons, Gautreaux, and Bordelon were acting under the color of state law in their official capacity as law enforcement officers employed by the Avoyelles Parish Sheriff's Department.

34.

The aforedescribed conduct by Defendant Officers violated the federally-protected rights, privileges, and/or immunities of Plaintiff as secured by the Constitution and the laws of the United States, including those protections against use of excessive force, unreasonable seizure, detention, and freedom from unreasonable and unjustified arrest.

35.

The Defendant Officers who observed (but did not cause) the subject use of excessive force and police brutality violated the federally-protected rights, privileges, and or immunities of Plaintiff as secured by the Constitution and the laws of the United States, including those protections against use of excessive force, unreasonable seizure, detention, and freedom from unreasonable and unjustified arrest by failing to intervene to stop fellow officers' use of excessive force and failing to report to his/their supervisors of the illegal and unconstitutional use of excessive force.

36.

Additionally, the Defendant Officers and Lemoine were parties to a conspiracy among themselves to fabricate a set of facts so as to justify, after the fact, the grounds for their detention, use of force, and arrest of Plaintiff. Specifically, the Defendants Officers and Lemoine, without any basis in truth, conspired among themselves to intentionally misrepresent that Plaintiff, *inter alia*, turned his beer bottle upside down and, thereafter, attempted to strike Defendant Greenhouse with it. The act of falsely arresting Plaintiff for aggravated assault on a police officer and resisting arrest constitutes an overt act taken by the Defendant Officers and Lemoine in furtherance of the conspiracy to cover up the use of excessive force and in furtherance of the conspiracy to cover up the Defendant Officers' failure to report the use of excessive force.

37.

Plaintiff is informed and believes, and on the basis of such information and belief, alleges that the Marksville Police Department and the Avoyelles Parish Sheriff's Department and their respective decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional statutory rights of Plaintiff, and all persons similarly situated, maintained, enforced tolerated, permitted, acquiesced in, and applied policies, practices or customs and usages of among other things.

    (a)    subjecting people to unreasonable uses of force against their persons;

    (b)    selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

    (c)    failing to adequately train, supervise, and control employees concerning proper police procedure appertaining to detention, arrests, and use of force;

(d)   failing to adequately discipline officers involved in misconduct; and

(e)   condoning and encouraging officers in the belief that they can violate the rights of persons such as the Plaintiff in this action, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

38.

Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the Marksville Police Department and the Avoyelles Parish Sheriff's Department and their respective decision makers ordered, authorized, acquiesced in, tolerated, permitted, or maintained custom and usages permitting the Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security and rights of Plaintiff.

### CLAIMS BASED ON LOUISIANA STATE LAW – INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, ASSAULT AND BATTERY, AND DEFAMATION

39.

Plaintiff hereby reavers and incorporates by reference each allegation (factual or otherwise) set forth in paragraphs 17 through 30 as if copied herein *in extenso*.

40.

At all times material hereto, the Defendant Officers were acting within the course and scope of their employment with the Marksville Police Department and/or the Avoyelles Parish Sheriff's Department, respectively.

41.

The Defendant Officers tortiously engaged in extreme, outrageous, and careless conduct by subjecting Plaintiff to egregious use of excessive force and police brutality, which purposefully, or, in the alternative, negligently inflicted severe emotional distress upon him.

42.

The Defendant Officers also tortiously assaulted and battered Plaintiff by means of the use of excessive force and police brutality.

43.

The Defendant Officers also committed defamation with respect to Plaintiff by issuing false arrest reports.

44.

The Marksville Police Department and the Avoyelles Parish Sheriff's Department are vicariously liable for these tortious acts or omissions by Defendant Officers pursuant to LSA-C.C. Article 2320 and the doctrine of *respondeat superior*.

## COMPENSATORY DAMAGES AND PUNITIVE DAMAGES

45.

Plaintiff hereby reavers and incorporates by reference each allegation (factual or otherwise) set forth in paragraphs 17 through 43 as if copied herein *in extenso*.

46.

As a result of the subject incident, Plaintiff sustained legally-cognizable damages, including:

a) Past, present, and future physical pain and suffering;

    b)    Past, present, and future mental anguish;

    c)    Past, present, and future medical expenses;

    d)    Loss of enjoyment of life; and

    e)    Past, present, and future lost wages.

47.

Plaintiff is further entitled to an award of punitive damages under 42 U.S.C. §1983 due to defendants' tortious conduct being motivated by evil motive or intent, and/or because it pertains to their reckless or callous indifference to the federally-protected rights of Plaintiff.

48.

Plaintiff further prays for an award of attorney fees pursuant to 42 U.S.C. §1988.

**TRIAL BY JURY**

49.

Plaintiff also prays for a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**WHEREFORE**, the premises considered, the Plaintiff, Jason D. Builodeau, prays that a copy of his *Complaint* be served upon the Defendants, Victor Greenhouse, Calvis Harmson, Michael Simmons, Glen Gautreaux, Marcus Bordelon, Michael Bell, Kevin Hill, Rhonda Lemoine, and the Marksville Police Department, through the City of Marksville, and the Avoyelles Parish Sheriff's Department, through the Parish of Avoyelles, and that after all legal proceedings eventuate, there be judgment in favor of the Plaintiff and against the aforementioned Defendants for the full and true sum of compensatory damages and punitive damages that are reasonable to compensate Plaintiff for the damages described herein, together

with legal interest from date of judicial demand until paid, attorney's fees, and for all cost of these proceedings, including reasonable expert fees. Plaintiff also prays for a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure. Moreover, Plaintiff prays for all general and equitable relief to which he is entitled.

        Respectfully submitted,

        **HUVAL VEAZEY FELDER**
           **AERTKER & RENEGAR, L.L.C.**

BY:    *s/Stephen C. Aertker, Jr.*
        **STEPHEN C. AERTKER, JR.** (La. Bar No. 24929) (T.A.)
        **THOMAS H. HUVAL** (La. Bar No. 21725)
        **CHRISTIAN A. SHOFSTAHL** (La. Bar. No. 27080)
        **STEFINI W. SALLES** (La. Bar No. 25857)
        532 East Boston Street
        Covington, Louisiana 70433
        Telephone: (985) 809-3800
        Facsimile: (985) 809-3801
        **Counsel for Plaintiff – Jason D. Builodeau**